CASE 25—PETITIONS—MARCH 19.

## ⁚ Griffith, &c v. Owensboro, &c R. Co.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. LIVERY OF SEIZIN—RE-ENTRY UPON BREACH OF CONDITION SUB-
SEQUENT IN DEED—RENTS.—The common law as to livery of sei-
zin does not prevail in this State; and therefore no necessity ex-
ists for a re-entry in order to avoid an estate which has been de-
feated by the breach of a condition subsequent in a deed.

Where land was conveyed to a railroad company for the pur-
pose of a depot, with a condition in the deed that if its use for
that purpose should be discontinued the grantors should have
the right to resume the possession, allowing the railroad com-
pany to remove its improvements, with the right to the railroad
company however to acquire the fee-simple title to the land by
paying its value at the date of the deed, if it should elect to do
so, the railroad company having removed its depot, and failed to
elect to pay the value of the ground, the possession reverted to
the grantors, and they are entitled to rent from the time they de-
manded possession, and not merely from the time they made a re-
entry by going upon the ground and declaring a purpose to re-
sume possession.

2. SAME.—The grantors were entitled to maintain an equitable ac-
tion to have the effect of the deed declared and to recover rents.

C. S. WALKER FOR APPELLANTS.

1. A deed whenever it contains a clause of re-entry or forfeiture in
the event the grantee fails to do certain things, always creates a
condition subsequent, and when the condition is broken the
grantors may "lawfully re-enter and repossess themselves of
the estate granted, and thus terminate the estate of the grantee."
(Post v. Weil, 115 N. Y., 361; s. c., 12 Am. St. Rep., 814; Raly v.
Umatilla Co., 15 Oregon, 172; s. c., 3 Am. St. Rep., 148-150; Ken-
ner v. American Contract Co., 9 Bush, 202.)

2. As the deed did not convey the fee-simple title a re-entry was not
necessary. All that could be required was the written notice
given appellee before suit. (Kenner v. American Contract Co., 9
Bush, 207; Hammond v. Port Royal, &c., Ry. Co., 15 Schands
(So. Car.), 10; s. c., 11 Am. and Eng. R. Cases, 371.)

3. The equity action was for the rescission of the contract, while the

common law action was an action in ejectment, and appellants had the right to both remedies. (Coleman v. Cross, 4 B. M., 268; Julian v. Pilcher, 2 Duv., 254; Newman's Pleading and Practice, 484; Civil Code, sec. 92, subsec. 3.)

4. Where one recovers for the betterments he must account for the rents during his wrongful possession, and the statute of limitations has no application until such account is made. Certainly the same rule must obtain where the wrongful occupant is permitted to remove the improvements. (Whiting's Heirs v. Taylor's Heirs, 8 Dana, 441.)

WILBUR F. BROWDER FOR APPELLEE.

1. The deed was not a conveyance of a mere easement, or of a mere incorporeal hereditament, but it was a simple deed of conveyance by which the property was conveyed to the company absolutely upon condition that the company would occupy and use the ground for its Owensboro depot; or if it chose to discontinue the use of the ground for such purposes, then at the election of the company the ground should still belong to the company, provided it should pay the grantors the value of the property as of January 20, 1869.

2. A condition subsequent is one which operates upon an estate already created and vested, and renders it liable to be defeated. It is a rule that such conditions are not favored by the law, and that estates created upon such conditions are not defeated by a mere neglect or refusal to perform the condition, but they are voidable only by the grantor by some act equivalent to a re-entry at common law. (Ludlow v. New York & Harlem R. Co., 12 Barb., 440; Kenner v. American Contract Co., 9 Bush, 206.)

3. A re-entry is the act of resuming possession of lands or tenements in pursuance of a right which the party exercising it reserved to himself when he quit the former possession. (Bouvier's Law Dict., vol. 2, p. 429.)

The commencement of the equitable action in 1886 for the rescission of the contract was not equivalent to a re-entry, nor was the commencement of the common law action tantamount to a re-entry, but when the appellants actually went upon the property in February or January, 1889, they became entitled to resume possession by the terms of the deed and are entitled to rent only from that time.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 20th day of January, 1869, D. M. Griffith and W. N. Sweeney conveyed to the Owensboro & Russellville Rail-

road Company (now the Owensboro & Nashville Railroad Company), a certain parcel of ground near the city limits of Owensboro. The conveyance was made in consideration that the railroad company would locate its Owensboro depot on the ground conveyed.

The habendum is as follows:

"To have and to hold said parcel of ground for the use of said railroad depot and other railroad purposes such as they may deem proper, to the said party of the second part so long as the same shall be used for said purposes. But in the event the said railroad shall discontinue the said point as a depot for the said road, and said ground shall no longer be useful for said purposes, or should the road be discontinued when built, then said Griffith & Sweeney have the right to resume the possession of said property, allowing said railroad company the right to remove any improvements they may have put thereon, or in default of this and at the election of said railroad company they may by paying to Griffith & Sweeney the present value of said property entitle themselves to the absolute fee simple, and said Griffith & Sweeney will in this contingency execute any further conveyance that may be necessary to such vesting of the absolute title."

The appellee removed its Owensboro depot to another place in the city in 1877.

The appellants gave appellee notice to remove the improvements it had on the ground, or elect to pay them the value of the property of the date January 20, 1869, but that upon its failure to elect they would resume possession of the ground.

Refusing to elect, but retaining possession of the ground, the appellants instituted an equitable action to recover the ground and rents.

Pending that action the appellants commenced this action to recover the possession of the land. The court below adjudged that they were entitled to recover the possession, and this court affirmed that judgment.

On a return of the case it was consolidated with the equitable action, and in which consolidated action the court adjudged that appellants were entitled to recover rents from the 2d day of February, 1889, until April 27, 1892.

From that judgment this appeal is prosecuted.

The court proceeded upon the idea that the appellants were not entitled to recover rents until they made a re-entry upon the ground by going upon it and declaring a purpose to resume possession. This was done in January or February, 1889.

It is insisted that appellants' right to possession did not accrue until that form of re-entry was made. In this we do not agree with counsel.

This court held in this case on the former appeal that the deed simply granted the "possessory right" to the land to continue as long as it was used for depot purposes, and there having been a breach of the condition in the deed the possession reverted to the grantors.

It is not necessary to enter into a discussion as to the kind of estate created by the deed, or as to whether or not at common law the re-entry insisted on would have been necessary to have enabled the grantors to recover possession of the land.

At common law when from the character of the estate conveyed it was necessary to have livery of seizin, then if in such deed there was a condition subsequent, the breach of which would entitle the grantor to be reinvested with the estate conveyed, a re-entry or claim was necessary to avoid the estate of the grantee.

The reason of the law was that in cases when the deed conveyed such an estate as made a livery of· seizin necessary, in order to regain the estate on account of a breach of the condition subsequent contained therein, the grantor must make an entry to defeat the livery which was made. However, in cases where the entry could not be made, then a claim was tantamount to an entry.

In 4 Kent, p. 128, it is said:

"It was a rule of the common law that when an estate commenced by livery it could not be determined before entry."

It is said (1 Sheppard's Touchstone 153): "Regularly when a man will take advantage of a condition he must enter, for an estate of freehold or inheritance will not cease without entry or claim. When an estate is upon condition in deed  *  *  *  the law permits the estate to continue beyond the time when the contingency happens, unless either the grantor or his heirs make an entry or claim 'in in order to avoid the estate." (2 Blackstone, p. 155.)

The necessity for livery of seizin does not exist in this State. Without that necessity none exists for a re-entry to be made in order to avoid an estate which has been defeated by a breach of a condition subsequent in a deed.

Livery of seizin is now abolished in England. Statutes 8 and 9 Vic., ch. 106.

To prove that the common law as to livery of seizin does not prevail in this State, ·it seems to us that a quotation from 2 Blackstone, p. 314, as to how livery of seizin in *deed* was performed will suffice. It is as follows: "The feoffor, lessor, or his attorney together with the feoffee, lessee or his attorney *  *  *  come to the land or to the house, and there in the presence of witnesses declare the contents of the feoffment or lease on which livery is to be made. And

then the feoffor, if it be land, doth deliver to the feoffee, all other persons being out of the ground, a clod or turf, or a twig, or bough there growing, with words to this effect: 'I deliver these to you in the name of seizin of all the land and tenements contained in this deed.' But if it be of a house, the feoffor must take the ring or latch of the door, the house being quite empty, and deliver it to the feoffee in the same form; and then the feoffee must enter alone and shut to the door and then open it and let in the others."

As this mode of delivering possession of land is no longer necessary, it follows that it was unnecessary for appellants to go upon the ground and declare they had re-entered thereon.

By the terms of the deed the appellee had the right to elect to keep the ground which appellants had conveyed it by paying the value of it at the date of the deed, but failing to make the election then appellants were entitled to have possession returned to them on demand, be it either written or verbal.

Failing to surrender it on such demand then their cause of action accrued for the possession and rents of the ground, and the court should have allowed rents from the date of appellants' demand on appellee to comply with the terms of the deed. It was error for the court to allow rents only from the date of the figurative re-entry.

Appellants are entitled to maintain the equitable action, to have the effect of the deed declared and to recover rents.

The judgment is reversed with directions that further proceedings be had consistent with this opinion.